**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERICK PANIAGUA-ZEPEDA,<br>Petitioner,<br>v.<br>LOUIS SOTO, *et al.*,<br>Respondents. | No. 26-3763<br>**MEMORANDUM**<br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Erick Paniagua-Zepeda's ("Petitioner") amended petition for a writ of habeas corpus ("Amended Petition"). ECF No. 14. Pursuant to an Order by this Court (ECF No. 12), Respondents filed an expedited answer to the amended petition ("Expedited Answer"). ECF No. 15. For the following reasons, the petition shall be GRANTED.

## I. BACKGROUND

### A. Factual History

Petitioner is a native of Nicaragua. Amended Complaint ¶ 18. Petitioner has thrice attempted to enter the United States. *Id.* ¶¶ 19-20. He first sought entry in 2003 but was issued an order of removal and removed shortly thereafter. *Id.* ¶ 19. Petitioner re-entered the United States in 2004 and was deported again in 2019. *Id*. Petitioner finally re-entered the United States in 2022. *Id.* Upon entry, he encountered agents near the border who reinstated his prior removal order pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. *Id.* ¶ 20. Petitioner expressed a fear of returning to Nicaragua, and he was released on an Order of Supervision ("OSUP"). *Id*. *See also* ECF No. 1-6 ("April 2022 Order of Supervision"). At a subsequent reasonable fear interview conducted on July 5, 2022, an asylum officer concluded that Petitioner had established a

reasonable fear of persecution or torture if returned to Nicaragua and referred his case to withholding-only proceedings before the immigration court. Amended Complaint, ¶ 21. *See also* ECF No. 1-5. After his credible fear interview, Petitioner was again released on an OSUP, and he repeatedly appeared for ICE check-ins between July 2022 and December 2025. Amended Complaint, ¶¶ 22-25. His first court hearing was scheduled for June 14, 2029. *Id.* ¶ 24.

On December 19, 2025, Petitioner was arrested by ICE and detained at Delaney Hall Detention Facilities. *Id.* ¶ 25. On February 26, 2026, an Immigration Judge held that Petitioner abandoned his right to seek withholding of removal by failing to timely submit a Form I-589 (Application for Asylum and for Withholding of Removal). ECF No. 15-6. Moreover, the Immigration Judge reinstated Petitioner's removal order and ordered Petitioner removed to Nicaragua. *Id.* Petitioner filed an appeal with the Board of Immigration Appeal, which remains pending. Amended Complaint, ¶ 26.

**B. Procedural History**

On February 9, 2026, Petitioner filed his initial petition for a writ of habeas corpus, in which he alleged that Respondents committed a violation under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954) by failing to follow the required procedures to revoke his OSUP, as set forth in 8 C.F.R. § 241.4(l). ECF No. 1. ¶¶ 51-55. Petitioner also argued that Respondents' actions in arresting and re-detaining Petitioner violated his Fifth Amendment right to due process because he received no pre-deprivation notice or opportunity to be heard on the alleged grounds for revocation of his OSUP. *Id.* ¶¶ 56-62. This Court issued an order to answer, ECF No. 4, and Respondents accordingly filed a response, as well as a subsequent supplemental response. ECF Nos. 6-7.

In response, Respondents alleged that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) because he is subject to a reinstated final order of removal. ECF No. 6 at 2. By its plain terms, Respondents contended, 8 U.S.C. § 1231(a)(5) authorizes them to reinstate a prior order of removal upon finding "that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal," 8 U.S.C. § 1231(a)(5), as is the case here. *Id*. Respondents further contended that Petitioner's detention is not unconstitutionally prolonged. *Id*. Respondents did not address the revocation of Petitioner's OSUP. In his reply, Petitioner urged this Court to consider Respondents silence as to the issue of revoking the OSUP without proper notice as a concession that Respondents re-detained Petitioner illegally. ECF No. 8 at 4. To that end, Petitioner requested his immediate release. *Id*. Subsequently, Petitioner filed a motion for a temporary restraining order (ECF No. 10) and a motion to expedite (ECF No. 11). In his motion to expedite, Petitioner argued that his detention had become unconstitutionally prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

This Court ordered that Petitioner amend his petition to (1) raise his prolonged detention claim and (2) address the applicability of *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 300 (3d Cir. 2020) to the question of this Court's jurisdiction. ECF No. 12. Petitioner complied and filed the present Amended Petition on October 6, 2026. ECF No. 14. In his Amended Petition, Petitioner repeats the same claims raised in his initial Petition. ECF No. 14-1. In addition, he claims that his detention has extended past the presumptively reasonable period of post-order detention contemplated by *Zadyvas* and argues that the burden must shift to Respondents to rebut the presumption and justify his ongoing detention. *Id.* at 22. He also argues that this Court can exercise jurisdiction over his OSUP revocation and re-detention claims, positing that this case is distinguishable from *Tazu*. *Id.* at 27-30. In accordance with the Court's order, Respondents filed

an expedited answer requesting that the Court dismiss the Amended Petition, in which they argue that (1) Petitioner's detention is lawful pursuant to 8 U.S.C. § 1231(a) and (2) this Court lacks jurisdiction over Petitioner's claims concerning the revocation of his OSUP. Expedited Answer at 8.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a petition for habeas corpus if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

However, 8 U.S.C. § 1252(g) instructs that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). However, "this bar 'does not sweep broadly. It reaches only these three specific actions, not everything that arises out of them.'" *Mantilla Marcano, et al. v. Warden of Philadelphia Fed. Det. Ctr.*, No. 26-cv-0239, 2026 WL 196504, at *2 (E.D. Pa. Jan. 26, 2026) (quoting *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 296 (3d Cir. 2020)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings.") The Third Circuit has "distinguished between detention-specific claims, which are collateral to petitions for review, and detention claims which are 'inextricably linked' to removal and must be channeled to petitions for review under § 1252(b)(9)." *Mantilla Marcano*, 2026 WL 196504, at *2 (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)).

## III. DISCUSSION

### A. Neither 8 U.S.C. § 1252(g) nor § 1252(b)(9) Strip this Court of Jurisdiction Over Petitioner's Claims.

As an initial matter, this Court has subject matter jurisdiction over Petitioner's claim that Respondents failed to follow their own procedures before detaining Petitioner. Respondents argue that 8 U.S.C. § 1252(g) and 1252(b)(9) bar review of Petitioner's claims, relying on *Tazu* for the proposition that his challenge to the revocation of his OSUP was effectively a challenge to the "enforcement mechanism utilized to execute his final order of removal" and thus outside of this Court's jurisdiction. *See* Expedited Answer at 8.

This Court agrees with Petitioner that *Tazu* is distinguishable and finds Judge Hayden's reasoning in *Kleiss Mendoza v. Soto* persuasive. No. 26-11427, 2026 WL 3060290 (D.N.J. Oct. 13, 2026). There, the Court recognized that *Tazu*'s holding was narrowly applicable to circumstances in which the Government is actively in the process of executing a removal order: "The Third Circuit held only that a brief door-to-plane detention is integral to executing a removal order, so § 1252(g) bars review of a challenge to such an order, and left open challenges to 'Government actions taken before the Attorney General tried to execute that order.'" *Id.* at *4 (citing *Tazu*, 975 F.3d at 298). In *Kleiss Mendoza*, Judge Hayden reasoned that "a detention that began before the government had taken the first step required to remove Kleiss, and that has no end date, is not a 'brief door-to-plane detention,'" finding that the Court retained jurisdiction over challenges to supervised release revocation where no removal date was set and where Petitioner had expressed a fear of return to his home country. *Id.* at 5 (citing *Tazu*, 975 F.3d at 298). *See also Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018, at *3 n.2 (D.N.J. Sept. 9, 2026) (distinguishing *Tazu* where respondents "offered no evidence that they possess travel documents and that Petitioner's removal [was] similarly imminent.").

Here, Respondents have given no indication that they have taken any steps toward removing Petitioner. Amended Petition, ¶ 73. Indeed, Respondents are *unable* to execute Petitioner's removal because he has ongoing withholding-only proceedings, and the BIA has imposed an automatic stay of removal. *See* Amended Petition, ¶ 73. Petitioner's detention "began before the government had taken the first step required to remove" him and "has no end date," and therefore cannot be considered a "brief door-to-plane" detention, as contemplated by the *Tazu* court. *Kleiss Mendoza*, 2026 WL 3060290 at *5.

Nor does 8 U.S.C. § 1252(b)(9) bar review in this case. Pursuant to § 1252(b)(9), challenges to "any action taken or proceeding brought to remove an alien from the United States" must be raised in a petition for review. 8 U.S.C. § 1252(b)(9). § 1252(b)(9) therefore bars claims that "merely repackage[] a challenge to removal into a habeas petition, because that 'would require deciding whether removing [the petitioner] would be unlawful.'" *Kleiss Mendoza*, 2026 WL 3060290 at *5 (citing *Khalil,* 164 F.4th at 276). Here, much like in *Kleiss Mendoza*, Petitioner's "challenge to Respondents' revocation of the OSUP is independent of removal" because the government's authority to revoke his OSUP "has no bearing on the validity of his removal order." *Id.* (citing *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 150-54, 161-62 W.D.N.Y. 2025) (exercising jurisdiction over and sustaining a challenge to an Assistant Field Office Director's authority to revoke an OSUP); *V.S.P.H. v. Soto*, No. 25-18835, 2026 WL 371162, at *2-3 (D.N.J. Feb. 10, 2026) (holding that the petitioner's argument that respondents "failed to follow their own procedures before detaining her has no bearing on the validity of her removal order"). Accordingly, it cannot be raised in a petition for review and does not fall within the ambit of 8 U.S.C. § 1252(b)(9).

This Court therefore has jurisdiction to determine whether Respondents violated the regulations governing revocation of Petitioner's supervised release. *Kleiss Mendoza,* 2026 WL 3060290 at *6. *See also Li v. Warden of the Fed. Corr. Inst. Lewisburg*, No. 26-821, 2026 WL 1266248, at *3 (M.D. Pa. May 8, 2026) (distinguishing between challenges to detention and challenges to execution of a removal order); *V.S.P.H.,* 2026 WL 371162, at *2 (finding jurisdiction and granting an OSUP revocation claim); *Rondon Reyes v. Jamison*, No. 26-1324, 2026 WL 970231, at *3 (E.D. Pa. Apr. 9, 2026) (holding that § 1252(g) barred review of ICE's discretionary decision to revoke an OSUP, but not review of "whether Respondents complied with their own revocation procedures when doing so").

**B. Respondents Violated Federal Regulation in Revoking Petitioner's OSUP.**

The parties agree that Petitioner had an active OSUP when he was detained in December 2025. *See* Amended Complaint, ¶¶ 22-25; Expedited Answer, at 2. Pursuant to 8 C.F.R. § 241.4(l)(1), the government may revoke an OSUP when a noncitizen violates their conditions of release, or under a specified set of changed circumstances, including when revocation is "appropriate to enforce a removal order or to commence removal proceedings against" them. 8 C.F.R. § 241.4(l)(2)(iii). However, 8 C.F.R. § 241.4(l) sets forth a series of procedural requirements that the government must follow to legally revoke an OSUP. As an initial matter, revocation must be undertaken by the Executive Associate Commissioner. See 8 C.F.R. § 241.4(l)(2); *Kleiss Mendoza*, 2026 WL 3060290 at *6. A district director *may* revoke an OSUP, but only upon a finding that "revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." *Id.* Moreover, 8 C.F.R. § 241.4(l)(1) and § 241.13(i)(3) impose both a notice requirement and an interview requirement, meaning that upon revocation, a noncitizen must be "notified of the reasons for

revocation of his or her release" and must be provided with "an initial informal interview promptly after his or her return to Service custody." 8 C.F.R. § 241.4(l)(1). Finally, pursuant to the *Accardi* doctrine, "rules promulgated by a federal agency that regulate the rights and interest of others are controlling upon that agency." *Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 175 (3d Cir. 2010); *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954).

Here, Petitioner has met his burden of showing that Respondents failed to follow the procedural requirements of 8 C.F.R. § 241.4(l) in revoking Petitioner's supervised release. *See Kleiss Mendoza*, 2026 WL 3060290 at *6 (citing 28 U.S.C. § 2241(c)(3); *Walker v. Johnston,* 312 U.S. 275, 286 (1941)). Petitioner argues that he "has not received any written notice of the reasons for the revocation of his OSUP, much less notice signed by the appropriate ICE official," and further argues that he "has not been afforded an informal interview." Amended Complaint, ¶ 80. In their expedited answer, Respondents do not address the factual underpinnings of Petitioner's *Accardi* violation claim and instead argue that Petitioner's claims regarding the revocation of his OSUP are "administrative in nature, and this Court lacks jurisdiction to consider them." Expedited Answer at 7. Expedited Answer, at 6. Respondents have not demonstrated that Petitioner's revocation was procedurally sound, nor have they provided any documentation indicating such. *See* ECF Nos. 15-1 – 15-7. Accordingly, this Court finds that Petitioner's OSUP was not properly revoked, and "the appropriate remedy is to restore it." *Kleiss Mendoza*, 2026 WL 3060290 at *7.[1]

---

[1] Respondents urge this Court to order "compliance with the regulation" instead of ordering Petitioner's release. Expedited Answer at 8 n.6. However, courts in this district and beyond recognize that immediate release is the appropriate remedy for an unlawful revocation of an OSUP. *See Kleiss Mendoza*, 2026 WL 3060290 at *7 (remedying unlawful revocation of an OSUP by ordering immediate release); *V.S.P.H.*, 2026 WL 371162, at *3 (same); *Martinez v. Jamieson*, No. 26-0718, 2026 WL 700335, at *4-8 (E.D. Pa. Mar. 12, 2026) (same); *Zhang v. Bondi*, No. 25-CV-10418, 2026 WL 42778 (S.D.N.Y. Jan. 7, 2026) (same); *Zhu v. Genalo*, 798 F. Supp. 3d 400 (S.D.N.Y. 2025) (same) *K.E.O. v. Woosley*, No. 25-74, 2025 WL 2553394, at *7 (W.D. Ky. Sept. 4, 2025) (same); *Rombot v. Souza*, 296 F. Supp. 3d 383, 389 (D.Mass, 2017) (same).

## IV. CONCLUSION

**IT IS** therefore on this 26th day of October, 2026, it is

**ORDERED** that the Amended Petition, (ECF No. 14), is **GRANTED**;[2] and it is further

**ORDERED** that Respondents shall release Petitioner within twenty-four (24) hours of this order, subject to the conditions of his July 2022 Order of Supervision; and it is further

**ORDERED** that Respondents shall post a letter on the docket within forty-eight (48) hours acknowledging that Petitioner has been released in accordance with this Order; it is further

**ORDERED** that Petitioner's Motion for a Temporary Restraining Order (ECF No. 10) and Motion to Expedite (ECF No. 11) are **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk shall **CLOSE** this matter; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

**HON. CLAIRE C. CECCHI**
United States District Judge

[2] Because this Court finds that Petitioner is entitled to release based on the Government's *Accardi* violation, it need not reach Petitioner's procedural due process claim or his *Zadvydas* prolonged detention claim.